## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
    Plaintiff,

**RECEIVED BY**
UNION CORRECTIONAL INSTITUTION
**AUG 27 2020**
FOR MAILING

**AMENDED COMPLAINT**

v.

CIVIL ACTION NO: <u>1:20-cv-20342-MGC</u>

SGT. RIVERA,
L.T. HANFORD,
OFF. J. CUEVOS,
    Defendants.
_____/

## I. **INTRODUCTION**

This is a Civil Action authorized by 42 U.S.C. Section 1983, filed by Plaintiff; Dominique Hall, *Pro se*. A State prisoner, alleging prison officials showed deliberate indifference for his health and safety. Subjecting him to be brutally assaulted by another prisoner, and pepper sprayed by prison officials, violating his 8th and 14th Amendment rights to the United States Constitution. Plaintiff seeks money damages. His claims for compensatory and punitive relief are authorized by 42 U.S.C. §1983 to redress the deprivation, under color of State law, of right secured by the Constitution of the United States.

## II. **JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3).

2. The Southern District of Florida is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

### III.   <u>PLAINTIFFS</u>

Plaintiff, Dominique Hall, is and was at all times mentioned herein a prison of the State of Florida in the custody of the Florida Department of Corrections. He is currently confined in Union Correctional Institution, in Raiford, Florida.

### IV.   <u>DEFENDANTS</u>

Defendant, Rivera is a Correctional Officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Martin Correctional Institution.

Defendant, Hanford is a Correctional Officer of the Florida Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to Martin Correctional Institution.

Defendant,  J. Cuevos is a Correctional Officer of the Florida Department of Corrections who, at all times mentioned in this complaint held the rank of Officer and was assigned to Martin Correctional Institution.

Each defendant is sued in his individual capacity. At all times mentioned in this complaint each defendant acted under the color of State Law.

### V. <u>FACTS</u>

1. Plaintiff is a State prisoner, incarcerated in the Florida Department of Corrections serving a 50 year sentence.

2. Plaintiff was housed at Martin Correctional Institution, during all events, transactions, and occurrences set forth in this complaint.

2

3. Martin C. I. is well known for the high number of prisoner assaults and stabbings, deriving the epithet "Murder Martin."

4. Florida administrative code, chapter 33-208.002, states in part:
   "The Department of Corrections requires all employees to familiarize themselves with all rules and regulations.

5. Florida administrative code, chapter 33-208.002, in part:
   "Each Warden, officer-in-charge, and circuit administrator or supervisor as well as designated central office staff, shall be responsible for ensuring that each employee under his supervision, before assuming the duties of his employment, is familiar with all rules and regulations of the department and institution that pertain to such employee and to the protection, custody, control, care, and treatment of persons under his supervision or control.

6. Plaintiff depended on the protection, custody, control, care and treatment of Martin C. I. prison officials, while housed at Martin C.I.

7. Defendant, Hanford is a Lieutenant at Martin C. I.

8. Defendant, Rivera is a dormitory Sergeant at Martin C.I.

9. Defendant, J. Cuevos is a Officer at Martin C.I.

10. On 5/4/2019 an 'alleged' stabbing or attempted stabbing incident transpired between prisoner, Deshawn Perkins and another inmate / prisoner.

11. On 5/4/2019 Plaintiff was 'alleged' to have been involved in a assault and stabbing on another prisoner housed at Martin C.I.

12. Plaintiff asserts that Martin C.I. prison officials considered the assault and stabbing allegingly involving Plaintiff to be linked to the prior incident between prisoner Deshawn Perkins and his 'alleged' victim.

13. Plaintiff asserts that Martin C.I. prison officials believed his 'alleged' incident was retaliatory in nature and gang-related.

14. On 5/4/2019 Plaintiff was placed into confinement housed in D-dormitory inside Cell D-1111 in regards to the 'alleged' assault and stabbing incident.

15. On 5/13/2019 Defendant, Sgt. Rivera attempted to move prisoner, Deshawn Perkins into Cell D-1111 with Plaintiff.

16. Prisoner, Deshawn Perkins refused to enter Cell D-1111 with Plaintiff and audibly 'informed' Defendant, Sgt. Rivera that he "did not want to, and will not" enter the cell.

17. Defendant, Sgt. Rivera then gave several verbal orders for prisoner. Deshawn Pesrkins to enter the cell with Plaintiff and prisoner, Deshawn Perkins refused all orders to comply and continued to inform Defendant, Sgt.Rivera that he "will not" enter the cell.

18. Defendant, Sgt. Rivera then radio transmitted Defendant, Lieutenant Hanford to come supervise and assist him in the situation.

19. Defendant, Lt. Hanford arrived on the wing of D-dormitory where incident was transpiring and asked prisoner, Deshawn Perkins "what was the problem?" Prisoner, Deshawn Perkins informed Defendant, Lt. Hanford that he "is not going into the cell" with Plaintiff.

20. Defendant, Lt. Hanford asked prisoner, Deshawn Perkins "why can't he enter the cell?" and prisoner, Deshawn Perkins retorted "because I'm in confinement for stabbing his homeboy and we had prior altercations.

21. Defendant, Lt. Hanford stated "well it's not on the record," and ordered Defendant, Sgt. Rivera to place prisoner, Deshawn Perkins into Cell D-1111 with Plaintiff.

22. Upon prisoner, Deshawn Perkins entering cell D-1111 he and Plaintiff were both in hand restraints.

23. Defendant(s), Sgt. Rivera, Lt. Hanford and Officer Cuevos gave several verbal orders instructing prisoner, Deshawn Perkins to step to the cell flap to get his hand restraints removed.

24. Prisoner, Deshawn Perkins informed Defendant(s) Sgt. Rivera, Lt. Hanford and Officer J. Cuevos that if they un-cuffed him, "he was going to f••• Plaintiff up and handle his business."

25. Defendant(s), Sgt. Rivera and Lt. Hanford still un-cuffed prisoner, Deshawn Perkins.

26. Immediately after being released from hand restraints prisoner, Deshawn Perkins initiated a violent assault on Plaintiff punching him in the head and face and kicking him in the back and shoulder multiple times while Plaintiff was defenseless in hand restraints behind his back.

4

27. Defendant(s), Sgt. Rivera, Lt. Hanford and Officer J. Cuevos watched the brutal attack for approximately 60 seconds, before spraying prisoner, Deshawn Perkins and Plaintiff with chemical agents.

28. Prisoner, Deshawn Perkins was able to shield and cover himself from chemical agents with access to sheets and blankets while Plaintiff took direct contact, due to hand restraints.

29. Plaintiff was sprayed in the face area where he consumed most of the chemical agents.

30. After prisoner, Deshawn Perkins complied to re-submit to hand restraints both him and Plaintiff was removed from cell D-1111 and escorted to the cold water shower to remove chemical agents.

31. Plaintiff was evaluated by medical staff at Martin Correction Institution after exiting cold water shower.

32. Plaintiff informed medical staff that he was suffering back and spinal spasms, stiffness to the left side of neck, cut and bruises over body and impartial blindness and blurry vision in his left eye from the assault and / or chemical agents.

33. As of 6/27/2019 Plaintiff is still receiving medical attention for the injury to his back from the assault.

34. At all times relevant to the violation of Plaintiff rights each mentioned defendant's actions were motivated by evil motive and intent and also reflected reckless and callous indifference to Plaintiff's rights.

35. Exhibits "D" – "I" include affidavits from several witnesses that were housed in D-dormitory on 5/13/2019 during the time of violation of Plaintiff's constitutional rights.


## VI. <u>EXHAUSTION OF LEGAL REMEDIES</u>

Plaintiff hall used the grievance procedure available at Martin Correctional Institution to try and solve the problem. On May 15, 2019 Plaintiff Hall presented the facts relating to this complaint. On May 24, 2019 Plaintiff Hall was sent a

response saying that the grievance was moot and returned. On May 31, 2019 he appealed the answer of the grievance to the Warden. On June 14, 2019 Plaintiff received an response stating that his grievance had been denied. On July 24, 2019 Plaintiff sought relief in the D.O.C. Secretary's Office by filing a grievance of reconsideration of his appeal which has yet to be responded to. Hall's grievance and appeals are attached as Exhibits A, B, and C.

## VII. STATEMENT OF CLAIMS

1. Plaintiff re-allege and incorporate paragraphs (1-35).

2. Defendant, Sgt. Rivera action(s), and in-action(s), of failing to act on his knowledge of a substantial risk of serious harm to Plaintiff, (see paragraphs 15-24), constituted deliberate indifference to Plaintiff's health and safety. (See paragraphs 15-29), violating Plaintiff's 8th and 14th Amendment rights of the United States Constitution.

3. Defendant, Lt. Hanford action(s) and in-action(s) of failing to act on his knowledge of a substantial risk of serious harm to Plaintiff (see paragraphs 19-25) constituted deliberate indifference to Plaintiff's health and safety (see paragraphs 19-29) violating Plaintiff's 8th and 14th Amendment rights of the United States Constitution.

4. Defendant, Officer J. Cueos action(s) and in-action(s) of failing to act on his knowledge of a substantial risk of serious harm to Plaintiff (see paragraphs 23-24) constituted deliberate indifference to Plaintiff's health and safety. (See paragraphs 23-29) violating Plaintiff's 8th and 14th Amendment rights to the United States Constitution.

5. The deliberate indifference in defendants to abate the possible risk of serious harm to prisoners violated Plaintiff Hall's rights and constituted cruel and unusual punishment due to their failure to protect under the 8th Constitutional Amendment at issue, 14th Amendment to the United States Constitution.

6. Plaintiff Hall has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the Court grants the compensatory and punitive relief which Plaintiff seeks.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court enter judgment:

1. Granting Plaintiff Hall a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

2. Granting Plaintiff Hall compensatory damages against all-named defendant(s) jointly and severally in the total sum of $200,000.00 for the violation of his Constitutional rights and physical injury suffered in result.

3. Granting Plaintiff punitive damages against all-named defendant(s) separately in the total sum of $100,000.00.

4. Plaintiff seeks a jury trial on all issues triable by jury.

5. Plaintiff seeks recovery of his cost in this suit.

6. Plaintiff seeks any additional relief this Court deems just, proper, and equitable.

Dated: _August, 27, 2020_

Respectfully submitted,

_Dominique Hall_
Dominque Hall, J41187 (DOC #)
Union Correctional Institution
P.O. Box 1000
Raiford, Fl. 32083

7

## **VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I CERTIFY under penalty of perjury that the foregoing is true and correct.

Executed at Raiford, Florida on _August, 21_____, 2020.


_Dominique Hall_____
Dominque Hall, J41187 (DOC #)
Union Correctional Institution
P.O. Box 1000
Raiford, Fl. 32083

FOR MAILING

AUG 27 2020

UNION CORRECTIONAL INSTITUTION
RECEIVED BY



**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name Dominique Hall | DC Number 541101 | Quarters D-111 L | Job Assignment N/A | Date 5-15-19 |
|-------|------|------|------|------|------|

**REQUEST**                                    Check here if this is an informal grievance ☑

This grievance is due to the violation of the D.O.C. "Care, custody & control" policy which was violated by Sgt. Rivera, L.T. Hanford and other officials. When on 5-13-2019 in-tween the hours of 7:30-8:00 a.m. my Sgt. of D Limited the mentioned officials proceeded to move inmate Deshawn Perkins to room D-111 via h.c.r.s/s my current housing cell location. Once present at my door inm Perkins told officials he did not and would not enter my cell repeatedly. I was still given orders to submit to hand restraints which I complied to. Again officials attempted to place inm Perkins in my cell which he refused to do so. Moments later L.T. Hanford arrived who was called to supervise. I warned the situation and asked inm Perkins whats the problem and Perkins stated he was not going in the room w/me. L.T. Hanford arrived who & inm Perkins clearly told him that he was in confinement for stabbing a handful of inmates & that were his prior attendant. One of the circumstantial officials stated "well its not on the record" and forced/made inm Perkins enter my cell. After several orders instructing inm Perkins to step to the flap for the removal of his hand restraints, inm Perkins told officials that if they inm cuffed him he was going to "fuck me up" and "handle his business" Hearing this threat officials still un-cuffed inm Perkins and watched as he attacked & assaulted me while I was still in hand restraints defenseless before using chemical agents to restrain inm Perkins. Inm Perkins later submitted to hand restraints ➔

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Dominique Hall | DC#: 541101 |
|------|------|

─────────────── **DO NOT WRITE BELOW THIS LINE** ───────────────

**RESPONSE**                              DATE RECEIVED: _____

~~RETURNED. You are grieving a moot point.~~ Currently, you do not have a cellmate assigned to your cell.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is **RETURNED** . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): M. Huffman | Official (Signature): M. Huffman | Date: 5-24-19 |
|------|------|------|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

## Continuance To Informed Grievance

And we were both escorted to cold water showers. The incident has left me with several injuries: back and spinal spasms, stiffness to left side of neck, impartial blindness/ eye vision in left eye and multiple cuts and bruises. This act done by D.O.C. officials was clearly non professional, un-proper and out of accordance to the oathoats of the Dept. of Cor. code and conduct and contradicts this "Care, Custody + Control" policy. These actions demonstrated by said officials display a threat and hazard to the safety and security of this institution &amp; should be reserved in the most appropriate manner and high degree.: - The facts of this incident can be supported by the audio & video during the time frame and location at said time and place. (Delta dorm, wing 1 at 7:30 - 8:00 a.m. on May 15th 2019)

Respectfully &amp; Truthfully
Submitted By:
Dominique R Hall J41187

5-15 2019



**FLORIDA DEPARTMENT OF CORRECTIONS**

Martin Correctional
Institution

MAY 3 1 2019

Grievance Office

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Hall | Dominique | R.A. | J41187 | Martin Correctional Inst. |
|------|-----------|------|--------|---------------------------|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance   1905-430-203

I, Dominique R.A. Hall (DC#J41187) am appealing the denial of attached informal grievance (log# 430-1905-00305) which I would like a further review on, due to the specific facts: On May 13th, 2019 between the hours of 7:30-8:00 am within wing 1 of Delta dorm officials (Sgt. Rivera; L.T. Hanford w/others) proceeded to move inmate DeShawn Perkins to room D 1111, which was my current housing location at said time. Once im Perkins was at my cell door and got an visual of my identity he repeatedly refused to enter, telling officials he was not entering the cell w/me. I was still given orders to submit to hand restraints, which I complied to. I/m Perkins continued to refuse in entering cell and L.T. Hanford arrived to assist the issue at hand, and asked i/m Perkins whats the problem, in which he replied that he was not going in the room with me. L.T. Hanford then asked why, i/m Perkins clearly stated that he was in confinement for stabbing a homeboy of mine & that me and him had prior altercations on the compound. At that statement one of the aforementioned officials retorted that its not on the record, and then forced/coerced i/m Perkins into my cell. Several orders were given i/m Perkins to step to the flap for the removal of the hand restraints, which he continued to refuse. After a while, i/m Perkins finally told officials that he was going to un-cuff but once he did he was going to fuck me up and khumit his business. Knowing the threat officials still removed i/m Perkins hand restraints and unlatched as he attacked & assaulted me while I was still in hand restraints, defenseless, before using chemical agents to restrain i/m Perkins. I/m Perkins then submitted to hand restraints and we were both escorted to cold water showers. The incident has me suffering back/spinal injury, stiffness of the neck & impaired vision/blurriness in left eye, w/ multiple cuts and bruises. The actions by D.o.c officials clearly deploy and demonstrate a deliberate indifference as well as gross negligence to both my self & i/m Perkins safety, contradicting the Dept. of Corr. "Care & Custody & so stated" policy. The facts of said incident can be supported by the audio & video during said time frame, on said date, at said place and location (Delta dorm wing 1 at approximately 7:30-8:00 am on May 13th 2019)

5-31-2019
DATE

Respectfully & Truthfully
Dominique Hall J41187
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
#          Signature

security

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

IOG

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #:_____   _____
                                    (Date)                                                              (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---------------|----------------------|----------------|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

Martin Correctional
Institution

## PART B - RESPONSE

JUN 14 2019

| HALL, DOMINIQUE | J41187 | 1905-43_ `3 | UNION C.I. | U3214L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Grievance Office

Your Request for Administrative Remedy and Appeal has been received, evaluated and the following determined:

Inmate Hall, prior to assigning any inmate into a cell with another inmate IBAS System is consulted to verify compatibility. Disciplinary history was also reviewed and did not document any assault or battery disciplinary reports between you and Inmate Perkins. These verifications displayed no conflict to house you together at that time. Staff did not just stand by watching you get attacked but responded immediately with chemical agents to prevent any further harm from being inflicted upon you.

Based on the information listed above, your grievance is Denied.

You may obtain further administrative review of your complaint by obtaining and completing form DC1-303, Request for Administrative Remedy or Appeal, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399.

N. Pollock, Colonel        J. Holtz, Assistant Warden

| _____ | _____ | 6/14/19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |



**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**
JUL 30 2019
Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Hall   Dominique   R
Last   First   Middle Initial

J41187
DC Number

Union Correction Inst.
Institution

| Part A – Inmate Grievance |
| --- |

19-6-28208

I, Dominique R. Hall (D.C.# J41187) am seeking further review to the attached grievances (informal & () formal) which log# is 1905-430-203 due to the following details and facts........................ On May 13th, 2019 between the hours of 7:30-8:00am at Martin C.I. inside Delta dormitory, wherein one (1) prison officials L.T. Hartford; Sgt. Rivera & several additional officers acted deliberately indifferent in an attempt to cell door inmate Perkins began yelling to officials that he was not going to enter the cell with grievant. Grievant was still giving a verbal order to submit to hand restraints which he complied. Again Sgt. Rivera tried to get I/m Perkins to enter grievant's cell and he continued to refuse stating that he was not going to do it. Moments later L.T. Hartford arrived who was called to assist the situation. L.T. Hartford asked I/m Perkins what was the problem? And I/m Perkins stated that he was not going to enter into the cell with grievant. L.T. Hartford then asked why, which I/m Perkins retorted clearly that he was in confinement for stabbing/att. to stab a homeboy of grievant's (Jamonnie Andrews) and also that him & grievant have had prior altercations. One of the officials stated that it wasn't on the record and then I/m Perkins was coerced & forced into cell with grievant. After several orders from officials instructing I/m Perkins to step to the door flap for the removal of his hand restraints; I/m Perkins told officials that if they uncuffed him he was going to fuck grievant up and handle his business. Hearing I/m Perkins threat of assault officials still uncuffed I/m Perkins and watched as he attacked & assaulted grievant (while he was still in hand restraints behind his back) before using chemical agents to restrain I/m Perkins. I/m Perkins later submitted to hand restraints and he & grievant was escorted to cold water showers.   Grievant asserts in exercising his due process he notified the Warden of said institution via informal grievance, which response stated that grievant was arguing a moot point because at the time of filing grievance he currently did not have a cellmate. Which was irrelevant

7-24-19
DATE

Dominique Hall
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#     Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Submitted by the inmate on: 7-25-19
(Date)

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 127607

K Barrett
(Received By)

DISTRIBUTION:

Rec'd

DC1-303 (Effective 11/13)

7/25/19
MM

| INSTITUTION/FACILITY | CENTRAL OFFICE |
| --- | --- |
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

Incorporated by Reference in Rule 33-103.006, F.A.C.

.10C

1905-(430)-203

Sgt. Rivera, Officer J. Cuevos
Lt. Hartford   927297

and did not challenge nor refute grievant claim of incident which caused him to be placed in a single man cell & housed alone.

Grievant followed up with an formal grievance to the Warden asking for a further review of the matter, which was responded to saying that prior to assigning inmates into cells with other inmates the IBAS system is consulted to verify compatibility. And that disciplinary history was reviewed & did not document any assault or battery reports between grievant & i/m Perkins. And according to both of those verifications which was reviewed displayed no conflict to house grievant & i/m Perkins together.    Grievant contends that the denial of his grievant based on them two factors was improperly decided due to the fact that both reviewed verifications were reviewed in a pre-tense state of time. Meaning that of course the IBAS system is going to verify his & i/m Perkins compatibility, and of course there is not going to be a disciplinary report of assault / battery between the two of them documented prior to them been assigned as cellmates because the alledged claim transpired "AFTER" those two factors were reviewed granting them to become cellmates, when, in fact, the assault took place.    Based on the obvious fact that the alledged assault took place after the institutions administration verifications to housed grievant & i/m Perkins together, grievant asserts that the responce in denying his grievance for Administrative Remedy is irelevant and does not refute his claims of agruement in his grievance. Therefore he should be entitled to all appropriate remedies...........

(The facts of this incident can be supported by the video & audio during the said time frame at the place of said location• May 13ᵗʰ, 2019, Delta dormitory• wing 1, at 7:30-8:00 am)

*Truthfully & Respectfully Submitted By:*

7/24/19                                    *Dominique Hall* #411187



# GENERAL AFFIDAVIT

I, _Anthony Williams_ X85375 , do hereby swear that the following statement is true and correct and made of my own free will, from my own personal knowledge:

the same date of may 13, 2018 at approximately 7:00 - 7:45 am I witnessed Sgt Rivera, A Lieutenant (heavy-set Black male with a birthmark on his face), and a couple more martin C.I. officers, force an inmate into cell D1~111 were the victim in this case was assigned. The inmate who they forced into the cell had made several statements to the officers that he had a problem with the inmate already assigned to cell D1~111. The inmate they forced into the cell also made it known to the officers that if they pushed him into the cell that it was going to be a problem and he was going to attack the inmate who was already in the cell so at approximately 7:30 I observed the officers Claimed above put the inmate into the cell, then seconds later spray Chemical agent into the cell while screaming "stop fighting." I then seen Both inmates Be pulled out the cell Bleeding with spray on them. I was in Cell D1~1220 watching the whole incident and listening attentively.

Under penalties of perjury, I declare that I have read the foregoing ___ page affidavit and the facts stated in it are true and correct in accordance with section 92.525, Florida Statute and 28 U.S.C. 1746.

Execute on this __13__ day of __May__ 20 _19_

Anthony _____ X85375
(SIGNATURE OF AFFIANT)
Martin correctional Institution
1150 S.w. Allapattah Rd.
Indian town, Fl 34956.
(ADDRESS OF AFFIANT)

Page __|__ of __|__



# GENERAL AFFIDAVIT

I, _Tamorious Bowes_ DC# _J50934_, (name and dC#) do hereby swear that the following statement is true and correct and made of my own free will, from my own personal knowledge: On the said date of May 13 2019 at approximately 7:00-7:45 am I witnessed Sgt. Avera, A Lt (heavy-set Black male with a birth mark on his face), and a couple more Martin C.I. officers, Force an Inmate Into Cell DI-111 were the victim In this case was assigned. The Inmate who they forced into the cell had made several statements to the officers that he had a problem with the Inmate already assigned to cell DI-111. The inmate they forced into the cell also made it known to the officers that if they placed him into the cell that it was going to be a problem and he was going to attack the Inmate who was already In the cell at approximately 7:00-7:45 I observed the officers (named above) put the Inmate into the cell, then seconds later spray chemical agent into the cell while screaming "Stop fighting" I then seen both Inmates be pulled out the cell bleeding with spray on them. I was in cell DI-112a watching the whole incident and listening attentively

Under penalties of perjury, I declare that I have read the foregoing _1_ page affidavit and the facts stated in it are true and correct in accordance with section 92.525, Florida Statue and 28 U.S.C. 1746

Executed on this _19_ day of _May_, 20 _19_

_Tamorious Bowes_ DC# _J50934_
(SIGNATURE OF AFFIANT)

_Martin Correctional Institution_
_1150 s.w Allapattah Rd._
_Indiantown, Fl 34956_
(ADDRESS OF AFFIANT)

Page _1_ of _1_



# GENERAL AFFIDAVIT

I, Gregory Butler DC# 135671, (name and dc #) do hereby swear that the following statement is true and correct and made of my own free will, from my own personal knowledge: On the said date of may, 13th 2019 at approximation 7:00-7:45 am I witnessed Sgt. Rivera, A Lieutenant Hanford a Heavy-set Black male with a birthmark on his face, and a couple moe martin CI officers, Forced an inmate into Delta 1111 wee the victim in this case was assigned. The inmate who they forced into my cell made several statements to the officers that he had a problem with the inmate already assigned to cell Delta 1111. The inmate they forced into into the cell also made it known to the officers that if they placed him into that it was going to be a problem and he was going to attack the inmate who was already in the cell. At Approximately 7:30 I observed the officers (name-above) put the inmate into the cell, then seconds later spray chemical agents into the cell while screaming "stop fighting" I then seen both inmates be pulled out the cell bleeding with spray on them. I was in cell Delta 1117 watching the whole incident and listening attentively.

Under penalties of perjury, I declare that I have read the foregoing ___ page affidavit and the facts in it are true and correct in accordance with section 92.525, Florida Statue and 28 U.S.C 1746

Executed on this 20th day of may 2019 ___

Gregory Butler DC# 135671
(SIGNATURE OF APPIANT)

martin Correctional Institution
1150. S w Allapatah RD
Indiantown FL 34956.
(ADDRESS OF APPIANT)

Page 1 of 1



# GENERAL AFFIDAVIT

I, Derek D. Poole sr. 173058 , (name, and D.C.#) do hereby swear that the following statement is true and correct and made of my own free will, from my own personal Knowledge: on the said date of May 13 2019 at approximately 1:00 am - 1:45 am I witnessed Sgt. Rivera and Lieutenant Hansford and a few more officers force an Inmate into a Cell after Constantly telling they had problems into Cell D1111, The inmate stated that if placed in the Cell that there was going to be a problem, once placed in the Cell the inmate attacked the inmate that was already in there, that's when the officers Jammed stop fighting and Sprayed in there and both inmates were Pulled out

Under penalties of perjury, I declare that I have read the foregoing —— page affidavit and the facts stated in it are true and correct in accordance with section 92.525, Florida Statue and U.S.C. 1746.

Executed on this 13 day of May 20 19

_Derek Poole_ 173058
**(SIGNATURE OF APPLANT)**

Martin Correctional Institution
1150 S.W. Allapattah Road
Indiantown Florida 34956
**(ADDRESS OF APPIANT)**

Page 1 of 1



# GENERAL AFFIDAVIT

I, _Michael Valletta_ #L13008 , (name, and DC#) do hereby swear that the following statement is true and correct and made of my own free will, from my own personal Knowledge:

On May 13th, 2019 at approximatley 7:00 AM, and 7:45 AM I heard officers with Sgt. Rivera, and a lieutenant (has a birth mark on his face) at cell D1-112. An inmate refused to go in the cell that was already housed there another inmate, the inmate said "I have a problem with the person in the cell". The officers forced him in to the cell anyway and the next thing I heard was the guards yelling "Stop fighting" then I heard them getting sprayed with mace. I was next door in cell D1-112.

Under penalties of perjury, I declare that I have read the foregoing ___ page affidavit and the facts stated in it are true and correct in accordance with section 92.525, Florida Statue and 28 U.S.C. 1746.

Executed on this 13 day of _May_ 20 1 9

                                          #L13008
                                   _____
                                   (SIGNATURE OF AFFIANT)

                                   Martin CI.
                                   1150 s.w. Allapattah Rd.
                                   Indiantown, FL 34956

Page 1 of 1



# GENERAL AFFIDAVIT

I (Justin Couch #u55337), (name, and DC#) do hereby swear that the following statement is true and correct and made of my own free will, from my own personal Knowledge.

On Date May 13th, 2019 at approximatley 7:00 7:45 Am I heard officers with Sgt. Rivera, And a Liutenant (with birth mark on his face) at Cell DI-III. An inmate was Refusing to be put in the Cell with the person that is already housed there. The Inmate Stated "He has problems with the other person in the Cell". The officers Forced him in Anyways. Next I heard them yelling stop Fighting to stop Fighting then sprayed both Inmates with gas. They then pulled both inmates out the Cell to clean themsaves in Cold Shower. I was in Cell DI112 Right Next door. I seen and heard It All

Under penalties of perjury, I declare that I have read the foregoing —page affidavit and the facts stated in it are true and correct in accordance with section 92.525, Florida Statue and 28 U.S.C. 1746.

Executed on this 13 day of may 20 19

#u55337

(SIGNATURE OF AFFIANT)

Martin Correctional Institution
1150 SW Allapattah RD
Indian Town FL 34956
(ADDRESS OF AFFIANT)

Page 1 of 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO 1:20-CV-20342-MGC

DOMINIQUE HALL,
    Plaintiff.

v.

SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
    Defendants.

_____/

RECEIVED P''
.....'N CORRECTION'
AUG 2 ⁻
FOr

## <u>ORDER OF COURT</u>

I, Dominique Hall, in the above styled cause hereby order the Court to order and direct the United States Marshal Service to serve the above named defendants summons without cost.

Dated: August, 27 , 2020

Respectfully submitted,

*Dominique Hall*
Dominique Hall
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mailing services on _August, 27_, 2020 on all counsel or parties of record.

*Dominique Hall*
Dominique Hall

RECEIVED BY
UNION CORRECTIONAL INSTITUTION

AUG 27 2020

FOR MAILING

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
    Plaintiff.

SUMMONS

v.

CASE NO <u>1:20-CV-20342-MGC</u>

SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
    Defendants.
_____/

## <u>TO THE ABOVE NAMED DEFENDANTS:</u>

You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date: _____, 2020

1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____

_____ was received by me on (date) _____ /

____ I personally served the summons on the individual at (place)

_____ on (date) _____; or

____ I left the summons at the individual's residence or usual place of abode with

(name) _____, a person of suitable age and discretion who resides

there, on (date) _____, and mailed a copy to the individual's last

know address; or

____ I served the summons on (name of individual) _____,

who is designated by law to accept service of process on behalf of (name of

organization)_____on (date) _____; or

____ I returned the summons unexecuted

because_____; or

____ Other (Specify): _____

My fees are $_____for travel and $_____for services, for a total of

$_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____

Server's Signature

_____

Printed name and title

2

_____
Server's address

Additional information regarding attempted service, etc:

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
    Plaintiff.

                        SUMMONS
v.                    CASE NO 1:20-CV-20342-MGC


SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
    Defendants.
_____/


## TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.


Clerk of the Court


Date: _____, 2020


1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____
_____ was received by me on (date) _____ /

\_\_\_ I personally served the summons on the individual at (place) _____ on (date) _____; or

\_\_\_ I left the summons at the individual's residence or usual place of abode with (name) _____, a person of suitable age and discretion who resides there, on (date) _____, and mailed a copy to the individual's last know address; or

\_\_\_ I served the summons on (name of individual) _____, who is designated by law to accept service of process on behalf of (name of organization)_____ on (date) _____; or

\_\_\_ I returned the summons unexecuted because_____; or

\_\_\_ Other (Specify): _____

My fees are $_____for travel and $_____for services, for a total of $_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____
Server's Signature

_____
Printed name and title

2

1inmate '20/8/22 A61D011013714 114682
'20/8/22

_____

Server's address

Additional information regarding attempted service, etc:

3

1inmate '20/8/22 A61D011013714 114682

LEGAL MAIL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
     Plaintiff.

                                  SUMMONS

v.                           CASE NO 1:20-CV-20342-MGC

SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
     Defendants.
_____/

### TO THE ABOVE NAMED DEFENDANTS:

     You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date: _____, 2020

1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____

_____ was received by me on (date) _____/

\_\_\_   I  personally  served  the  summons  on  the  individual  at  (place)

_____ on (date) _____; or

\_\_\_   I left the summons at the individual's residence or usual place of abode with

(name) _____, a person of suitable age and discretion who resides

there, on (date) _____, and mailed a copy to the individual's last

know address; or

\_\_\_   I served the summons on (name of individual) _____,

who is designated by law to accept service of process on behalf of (name of

organization)_____on (date) _____; or

\_\_\_      I      returned      the      summons      unexecuted

because_____; or

\_\_\_ Other (Specify): _____

My fees are $_____for travel and $_____for services, for a total of

$_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____

Server's Signature

_____

Printed name and title

2

1inmate '20/8/22 A61D011013714 114682
'20/8/22

_____
Server's address

Additional information regarding attempted service, etc:

3

1inmate '20/8/22 A61D011013714 114682

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
  Plaintiff.

            SUMMONS
v.          CASE NO <u>1:20-CV-20342-MGC</u>


SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
  Defendants.
_____ /


## TO THE ABOVE NAMED DEFENDANTS:

  You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.


Clerk of the Court


Date: _____, 2020

1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____

_____ was received by me on (date) _____ /

_____ I personally served the summons on the individual at (place) _____ on (date) _____; or

_____ I left the summons at the individual's residence or usual place of abode with (name) _____, a person of suitable age and discretion who resides there, on (date) _____, and mailed a copy to the individual's last know address; or

_____ I served the summons on (name of individual) _____, who is designated by law to accept service of process on behalf of (name of organization)_____on (date) _____; or

_____ I returned the summons unexecuted because_____; or

_____ Other (Specify): _____

My fees are $_____for travel and $_____for services, for a total of $_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____
Server's Signature

_____
Printed name and title

2

1inmate'20/8/22 A61D011013714 114682
'20/8/22

_____
Server's address

Additional information regarding attempted service, etc:

3

1inmate'20/8/22 A61D011013714 114682

LEGAL MAIL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
     Plaintiff.

                                        SUMMONS
v.                              CASE NO <u>1:20-CV-20342-MGC</u>


SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
     Defendants.
_____/


## TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.


Clerk of the Court


Date: _____, 2020

1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____

_____ was received by me on (date) _____/

___   I   personally   served   the   summons   on   the   individual   at   (place)

_____ on (date) _____; or

___   I left the summons at the individual's residence or usual place of abode with

(name) _____, a person of suitable age and discretion who resides

there, on (date) _____, and mailed a copy to the individual's last

know address; or

___   I served the summons on (name of individual) _____,

who is designated by law to accept service of process on behalf of (name of

organization)_____ on (date) _____; or

___        I        returned        the        summons        unexecuted

because_____; or

___ Other (Specify): _____

My   fees   are   $_____for   travel   and   $_____for   services,   for   a   total   of

$_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____
Server's Signature

_____
Printed name and title

2

_____

Server's address

Additional information regarding attempted service, etc:

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DOMINIQUE HALL,
    Plaintiff.

                                     SUMMONS

v.                            CASE NO <u>1:20-CV-20342-MGC</u>


SGT. RIVERA,
LT. HANFORD,
Off. J. CUEVAS,
    Defendants.
_____/


## TO THE ABOVE NAMED DEFENDANTS:


    You are hereby summoned and required to serve upon Plaintiff, whose address is U.C.I. P.O. Box 1000, Raiford, Fl. 32083 an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service, or sixty (60) days if the U.S. Government or Officer / Agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.


Clerk of the Court


Date: _____, 2020

1

Civil Action No: 1:20-cv-20342-MGC

## **PROOF OF SERVICE**

This summons for (name of individual and title, if any _____

_____ was received by me on (date) _____ /

\_\_\_ I personally served the summons on the individual at (place)

_____ on (date) _____; or

\_\_\_ I left the summons at the individual's residence or usual place of abode with

(name) _____, a person of suitable age and discretion who resides

there, on (date) _____, and mailed a copy to the individual's last

know address; or

\_\_\_ I served the summons on (name of individual) _____,

who is designated by law to accept service of process on behalf of (name of

organization)_____on (date) _____; or

\_\_\_ I returned the summons unexecuted

because_____; or

\_\_\_ Other (Specify): _____

My fees are \$_____for travel and \$_____for services, for a total of

\$_____

I DECLARE UNDER PENALTY OF PERJURY that this information is true.

Date:_____, 2020.

_____

Server's Signature

_____

Printed name and title

2

1inmate '20/8/22 A61D011013714 114682
'20/8/22

_____
Server's address

Additional information regarding attempted service, etc:

3

1inmate '20/8/22 A61D011013714 114682



00.00°

USMS INSPECTED
BY _____

United States District Court
Southern District of Florida
Office of the clerk
Room 8N09
400 North Miami Avenue

Mr. Dominique Hall 341189
Union Correctional Institution
P.O. Box 1000
Raiford, Fl 32083