UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20- cv-20342-COOKE

DOMINIQUE HALL,
    Plaintiff,
v.

SERGEANT RIVERA, *et al.*,
    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## JURY TRIAL DEMANDED

COMES NOW the Defendant, LIEUTENANT HANFORD, (hereinafter referred to as "HANFORD"), by and through undersigned counsel, answers Plaintiff, Dominque Hall's, amended complaint as follows:

### I.    INTRODUCTION

Defendant denies all allegations contained in the Plaintiff's preliminary statement and moves to strike the paragraph.

### II.    JURISDITION

1. Defendant HANFORD admits paragraph 1 for jurisdictional purposes only; jurisdiction was found in this Court's "Order Screening Complaint Pursuant to 28 U.S. C. §§ 1915(e) and 1915 A." [ECF No. 16].

2. Defendant HANFORD admits paragraph 2.

### III.   PLAINTIFFS

3. Defendant HANFORD admits unnumbered paragraph 3 only to the extent that Dominque Hall is and at all times was an inmate in the custody of the Florida Department of Corrections (FDC) and otherwise denies this paragraph.

### IV.   DEFENDANTS

4. Defendant HANFORD is without knowledge to admit or deny the allegations contained in unnumbered paragraph 4.

5. Defendant HANFORD admits unnumbered paragraph 5 for the time of the alleged incident.

6. Defendant HANFORD is without knowledge to admit or deny the allegations contained in unnumbered paragraph 6.

7. Defendant HANFORD admits unnumbered paragraph 7, that per the Court's screening order each Defendant is being sued in his individual capacity and that each Defendant acted under the color of State law.

### V.  FACTS

1. Defendant HANFORD admits paragraph 1.

2. Defendant HANFORD admits paragraph 2.

3. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 3.

4. Defendant HANFORD admits paragraph 4 to the extent that that Florida administrative code, chapter 33-208.002 states in part: "The Department of Corrections requires all employees to familiarize themselves with all rules and regulations pertaining to their positions and duties, and requires all employees to abide by these rules and regulations."

5. Defendant HANFORD denies paragraph 5 and further states that the administrative code speaks for itself.

6. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 6.

7. Defendant HANFORD admits paragraph 7, to the extent at the time of the alleged incident he was a Leiutenant at Martin CI.

8. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 8.

9. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 9.

10. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 10.

11. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 11.

12. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 12.

13. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 13.

14. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 14.

15. Defendant HANFORD admits paragraph 15.

16. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 16.

17. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 17.

18. Defendant HANFORD admits paragraph 18.

19. Defendant HANFORD admits paragraph 19.

20. Defendant HANFORD admits paragraph 20 only to the extent that he asked prisoner Deshawn Perkins why he was not entering the cell and otherwise denies this paragraph.

21. Defendant HANFORD denies paragraph 21.

22. Defendant HANFORD admits paragraph 22.

23. Defendant HANFORD admits paragraph 23.

24. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 24.

25. Defendant HANFORD admits paragraph 25.

26. Defendant HANFORD admits paragraph 26 only to the extent that Plainitff had not yet had his hand restraints removed when Deshawn Perkins initiated a fight with him, and otherwise denies all remaining claims in this paragraph.

27. Defendant HANFORD denies paragraph 27.

28. Defendant HANFORD denies paragraph 28.

29. Defendant HANFORD denies paragraph 29.

30. Defendant HANFORD admits paragraph 30.

31. Defendant HANFORD admits paragraph 31.

32. Defendant HANFORD denies paragraph 32.

33. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 33.

34. Defendant HANFORD denies paragraph 34.

35. Defendant HANFORD denies paragraph 35 as he lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### IV.   EXHAUSTION OF LEGAL REMEDIES

Defendant HANDFORD denies this paragraph and demands strict proof thereof.

### VII.   STATEMENT OF CLAIMS

1. Defendant HANFORD reasserts and re-alleges his responses and denials to the above paragraphs one (1) through thirty-five (35) of the statement of facts as though fully set forth herein.

2. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 2.

3. Defendant HANFORD denies paragraph 3.

4. Defendant HANFORD is without knowledge to admit or deny the allegations contained in paragraph 4.

5. Defendant HANFORD denies paragraph 5.

6. Defendant HANFORD denies paragraph 6.

### VIII.   PRAYER FOR RELIEF

1. Defendant HANFORD denies paragraph 1.

2. Defendant HANFORD denies paragraph 2.

3. Defendant HANFORD denies paragraph 3.

4. Defendant HANFORD demands a jury trial.

5. Defendant HANFORD denies paragraph 5.

6. Defendant HANFORD denies paragraph 6. Plaintiff is not entitled to any of the relief he seeks.

---

The Defendant denies each and every allegation contained in Plaintiff's Amended Complaint [ECF No. 13] not specifically admitted or otherwise acknowledged above, and demands strict proof thereof.

---

## FIRST AFFIRMATIVE DEFENSE

Defendant acted reasonably and within the discretion, course, and scope of employment. The Defendant did not violate any clearly established statutory or constitutional right of which a reasonable person would have known and is therefore entitled to qualified immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 1997(e)(3). Plaintiff is not entitled to compensatory damages, including those for any alleged mental or emotional injury, because his injury is not more than de minimus.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted under federal law. More specifically, the Defendant at all times material, acted without malice or deliberate indifference, exercising only such authority as was reasonable and necessary under the circumstances, in pursuit of a lawful and legal duty, particularly the safety and order of the correctional institution and inmates.

## FOURTH AFFIRMATIVE DEFENSE

Any injury or damage that was sustained by the Plaintiff, was based upon a pre-existing and/or congenital and/or hereditary condition which is not the responsibility of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish as a subjective matter that Defendant acted with sufficient culpable state of mind as required for liability under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

There is no causal connection between Plaintiff's alleged injuries and the actions of the Defendant. Plaintiff cannot establish a causal connection between his claimed injuries on May 13, 2019, and any actions or inaction by the Defendant, as required for liability under 42 U.S.C. §1983.

## RESERVATION OF RIGHT TO AMEND

The Defendant reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

WHEREFORE, having fully answered the Complaint, Defendant denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demand trial by jury of all issues so triable as of right by jury.

WYLAND & TADROS LLP
2505 Metrocentre Blvd., Second Floor
West Palm Beach, FL 33407
Tel. (561) 275-2990
E-Mail: dtadros@wylandtadros.com

BY: /s/ David S. Tadros
_____
DAVID S. TADROS
FBN 956015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ David S. Tadros
DAVID S. TADROS
FBN 956015

## SERVICE LIST

Dominique Hall v. Sgt. Rivera, et al.,
CASE NO: 1:20-cv-20342-MGC
United States District Court, Southern District of Florida

Dominique Hall, *Pro Se*
DOC# J41187
Union Correctional Institution
P.O. Box 1000
Raiford, FL 32083
(Via U.S. Mail)