UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20342-KMM

DOMINQUE HALL,
    Plaintiff,
v.

SERGEANT RIVERA, *et al.*,
    Defendants.
                                             /

## ORDER

THIS CAUSE came before the Court upon Defendants Sergeant Rivera ("Rivera"), Lieutenant Hanford ("Hanford"), and Officer Cuevas's ("Cuevas") (collectively, "Defendants") Motion for Summary Judgment. ("Mot.") (ECF No. 63). Plaintiff Dominique Hall ("Plaintiff") did not file a response. The Motion is now ripe for review.

### I.    BACKGROUND[1]

Plaintiff brings this action arising from an incident that allegedly occurred in May 2019, when he was an inmate at Martin Correctional Institution, a Florida prison. During the time of the incident, Defendants were each correctional officers working for the Florida Department of Corrections at Martin Correctional Institution.

On May 4, 2019, Plaintiff was allegedly involved in an assault and stabbing with another inmate. That same day, Deshawn Perkins, another inmate, was involved in a different alleged stabbing incident. According to Plaintiff, prison officials considered Plaintiff's stabbing incident to be retaliation for the incident involving Perkins. Consequently, Plaintiff was moved into a

---

[1] The Court recounts the facts based on the Amended Complaint ("Compl.") (ECF No. 13), Defendants' Statement of Material Facts ("D's 56.1") (ECF No. 62), and a review of the corresponding record citations and exhibits. Plaintiff failed to file his own Statement of Material Facts as required by Local Rule 56.1.

confinement house in the D-Dormitory of Martin Correctional Institution.

Shortly thereafter, on May 13, 2019, Plaintiff alleges that Defendant Rivera attempted to place Perkins into the same cell as Plaintiff. Perkins initially refused, and with the help of Defendant Hanford, Defendant Rivera placed Perkins into Plaintiff's cell. Though Perkins was initially bound by hand restraints, Defendants allegedly removed them. Once the restraints were removed, Perkins allegedly attacked Plaintiff, punching him in the head and kicking him in the back and shoulder multiple times. Plaintiff alleges that his own hands were restrained at the time, and Defendants watched Perkins assault Plaintiff for approximately sixty seconds before spraying both inmates with chemical agents.

Plaintiff therefore commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments of the United States Constitution. Following Judge Cooke's screening order, only Plaintiff's Eighth Amendment claim that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff was permitted to proceed.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact

---

[2] This case was originally assigned to United States District Court Judge Marcia G. Cooke but was transferred to the undersigned on January 27, 2023. *See* (ECF No. 45).

sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

When a plaintiff is a *pro se* prisoner, as is the case here, courts hold the complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Yet a district court is not required to "'rewrite an otherwise deficient pleading in order to sustain an action.'" *Rodriguez v. Scott*, 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

### III. DISCUSSION

#### a. Timeliness

As an initial matter, Defendant's Motion is untimely. Defendant filed the instant Motion

on June 1, 2023, *see generally* Mot., nearly three months after the dispositive motion deadline. *See* (ECF No. 35).  Nevertheless, "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sol., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal citation omitted).  "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (internal citation omitted).  Here, the Court finds that adjudicating this Motion will not delay trial.  Rather, the Court finds that adjudicating the Motion now will aid in the "just, speedy, and inexpensive determination" of this Action.  Fed. R. Civ. P. 1.  As such, the Court will rule on Defendants' Motion.

*b. Defendant is Entitled to Summary Judgment*

In its Motion, Defendant argues that there is no genuine issue for trial because Plaintiff has failed to provide any evidence supporting his Eighth Amendment claim.  *See* Mot. at 1.  Further, Defendants argue that even if Plaintiff had provided sufficient evidence, Defendants are entitled to qualified immunity because their actions "were taken in the performance of their duties as government officials, within their discretionary authority, and were not in violation of clearly established law."  *Id.* at 2.  In response, Plaintiff filed a Motion for Dismissal of Summary Judgment, which the Court construes as a response in opposition to Defendants' Motion.  *See* ("Resp.") (ECF No. 68).  Therein, Plaintiff largely recounts the procedural history of the action and avers that he has not received discovery, but fails to rebut any of Defendants' arguments.  *See id.*  Thus, for the reasons discussed below, the Court agrees with Defendants that they are entitled to summary judgment.

First, Plaintiff failed to file an opposing statement of material facts identifying which portions of Defendants' Statement of Material Facts are "disputed" or "undisputed," with corresponding record citations.  *See* S.D. Fla. L.R. 56.1.  Plaintiff's failure to do so results in

Defendants' Statement of Material Facts, which is supported by properly cited record evidence, being deemed admitted. *See* S.D. Fla. L.R. 56.1(c); *see also Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) ("In upholding the exercise of courts' discretion to apply deeming orders, our sister circuits have repeatedly stressed the vital function of rules such as Local Rule 56.1, reinforcing stern admonitions with rather colorful imagery. We hold the rule in similarly high esteem.") (internal citations omitted).

Thus, the Court deems Defendants' Statement of Material Facts to be undisputed and therefore admitted. In doing so, the Court finds that Defendants Hanford and Rivera attempted to move Perkins into a cell with Plaintiff. D's 56.1 ¶ 6. Then, Perkins initiated a fight with Plaintiff. *Id.* ¶ 7. At this point, Defendants argue that there "is a complete absence of any material fact" in the record to support Plaintiff's claim that Defendants were deliberately indifferent to the substantial risk of harm Plaintiff stood to suffer. *Id.* ¶ 8. Indeed, as the Court noted above, Plaintiff failed to dispute this assertion, or alternatively, present his own statement of material facts contradicting this narrative of the incident.[3] Finding no dispute of material fact and insufficient evidence to support Plaintiff's claim, the Court agrees with Defendants that Plaintiff's Eighth Amendment claim fails as a matter of law. *See* Mot. at 3.

Furthermore, as Defendants rightly identify, Plaintiff has never demonstrated that there is a dispute of material fact as to whether Defendants are entitled to qualified immunity. *See id.* Qualified immunity "shields public officials from liability for civil damages when their conduct

---

[3] The only evidence that Plaintiff has offered in this case consists of conclusory allegations in the Amended Complaint and attached affidavits from other inmates who purportedly witnessed the incident. *See* (ECF No. 13). This alone is insufficient. *See Celotex Corp.*, 477 U.S. at 324 (explaining that Rule 56(e) "requires the nonmoving party to go beyond the pleadings. . . and designate specific facts showing that there is a genuine issue for trial"). In this instance, Plaintiff has failed to go beyond the pleadings and demonstrate which facts, if any, he disputes.

does not violate a constitutional right that was clearly established at the time of their action." *Williams v. Aguirre*, 965 F.3d 1147, 1156 (11th Cir. 2020) (internal quotations omitted). Officers receive qualified immunity if they can demonstrate they "acted within [their] discretionary authority." *Id.* Here, Defendants argue "there is no question that the Defendant[s] w[ere] acting within their discretionary authority," and further, that Plaintiff has not "submitted any record evidence" to support the claim that the officers are not entitled to qualified immunity. Mot. at 2–3. The Court agrees; at no point does Plaintiff dispute any fact relevant to the affirmative defense of qualified immunity.[4]

Accordingly, the Court finds that no genuine issue of material fact exists as to whether Defendants were deliberately indifferent to Plaintiff's harm in violation of the Eighth Amendment. In any event, Defendants have made the undisputed argument that they are each entitled to qualified immunity. The Court grants Defendants' Motion for Summary Judgment.

*c. Discovery Disputes*

The Court takes pause to explain its concern regarding discovery in this Action. Plaintiff is a *pro se* prisoner, who has consistently argued that three years on from the commencement of this case, he has still not received discovery to which he is entitled. *See, e.g.*, (ECF Nos. 65, 66, 68). For example, Plaintiff averred that he had not received answers to interrogatories and requests for production from Defendants as recently as June. *See* Resp. at 5. According to Plaintiff, if he were to receive such discovery, he would be able to create a genuine issue of material fact.[5] *See*

---

[4] On August 8, 2023, Plaintiff filed an untimely Motion Objecting to Qualified Immunity. *See* (ECF No. 72). Nowhere in the motion, however, does Plaintiff raise any fact that would tend to demonstrate that Defendants are not entitled to qualified immunity. Thus, the Court denies the motion as untimely, and its above qualified immunity analysis is undisturbed.

[5] Of course, a speculative claim about what some unknown discovery *might* show, is insufficient to create an issue of material fact, and the Court makes no such suggestion here.

*id.*

Concerned that Defendants did not engage in discovery, and in turn, filed a summary judgment motion arguing that Plaintiff had no evidence to support his claim, the Court issued an Order to Show Cause as to what discovery Defendants provided to Plaintiff and when they did so. *See* (ECF No. 74). In response, Defendants Hall and Rivera represented to the Court that they provided responses to Plaintiff's Interrogatories and Requests for Production on June 28, 2023. *See* (ECF No. 75) (explaining that Defendants proffered these responses in late June because Plaintiff did not file these discovery requests until April 10, 2023, months after the discovery deadline). Defendant Hanford responded to Plaintiff's discovery requests on May 5, 2023. *See* (ECF No. 76).

Because (1) Plaintiff waited until April 10, 2023, months after the discovery deadline to make discovery requests, and (2) each Defendant represented to the Court that it had provided discovery to Plaintiff despite the untimely nature of the requests, the Court is satisfied that Defendants did not abuse the discovery process to prevent Plaintiff from fairly litigating his case.[6] Thus, on the record before the Court, Plaintiff has failed to provide sufficient evidence to create a genuine issue of material fact. Defendants are entitled to summary judgment.

---

[6] Plaintiff's Motions for an Order Compelling Discovery, *see* (ECF Nos. 65, 66), are denied as untimely.

IV. **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (ECF No. 63) is GRANTED. All remaining motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *30th* day of August, 2023.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record